IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| **TABATHA HUTSON,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| **v.** | } CASE NO.: |
| | } JURY TRIAL DEMANDED |
| **CONCORD CHRISTIAN SCHOOL, LLC and** | } |
| **FIRST BAPTIST CONCORD FOUNDATION, INC.,** | } |
| | } |
| **Defendants.** | } |

## COMPLAINT

**COMES NOW** the Plaintiff, Tabatha Hutson ("Ms. Hutson" or "Plaintiff"), by and through undersigned counsel, Law Office of James W. Friauf, PLLC, and for her Complaint against Concord Christian School, LLC ("CCS"), and First Baptist Concord Foundation, Inc. ("FBC") (collectively, "Concord" or "Defendants"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401, *et seq.*, avers as follows:

### I. PARTIES

1. Ms. Hutson is a female, former employee of Concord. At the time Concord terminated Ms. Hutson's employment, she was pregnant. Ms. Hutson is a resident citizen of the State of Tennessee, County of Knox.

2. CCS is a domestic, non-profit, limited-liability company that maintains its principal place of business in Knoxville, Tennessee. At all times material hereto, CCS transacted business in the State of Tennessee, County of Knox, and was engaged in the education industry, operating a pre-kindergarten through 12th-grade parochial institution associated with the Baptist Christian faith. CCS is a single-member,

limited-liability company. Upon information and belief, CCS's sole member is FBC. Accordingly, upon information and belief, CCS is a wholly-owned subsidiary of FBC. CCS may be served with process via its registered agent, Mark E. Kelly, 11704 Kingston Pike, Knoxville, Tennessee 37934.

3. FBC is a domestic, nonprofit corporation that maintains its principal place of business in Knoxville, Tennessee. At all times material hereto, FBC transacted business in the State of Tennessee, County of Knox, and was engaged in commerce as a religious organization, identifying with the Baptist Christian faith. Upon information and belief, FBC is the holding company of CCS. FBC may be served with process via its registered agent, Mark E. Kelly, 11704 Kingston Pike, Knoxville, Tennessee 37934.

## II. JURISDICTION AND VENUE

4. Plaintiff re-alleges and incorporates by reference each averment set forth in paragraphs 1-3 herein, inclusive.

5. This action arises from Defendants' sex and pregnancy discrimination in violation of Title VII, as amended by the PDA. The Court has jurisdiction over this matter. 28 U.S.C. § 1331.

6. The remaining causes of action averred herein are so related to the claims within the original jurisdiction of this Court so as to form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over Plaintiff's claims against Defendants for their violation(s) of the THRA. 28 U.S.C. § 1367.

7. A substantial part of the events or omissions giving rise to this matter occurred in Knox County, Tennessee. Venue is proper. 28 U.S.C. § 1391(b)(2).

8. At all times material hereto, CCS and FBC were "a single or joint employer" of Ms. Hutson pursuant to Title VII, as amended by the PDA. Among other reasons: i) Plaintiff's wages were paid through checks written on FBC's bank account; (ii) FBC and CCS share a Human Resources Director; and (iii) "in accordance with the Constitution and Bylaws of FBC, the FBC Senior Pastor and Executive Director/Pastor

2
Case 3:18-cv-00048-TWP-DCP   Document 1   Filed 02/09/18   Page 2 of 7   PageID #: 2

are permanent voting members of the Board. In addition, the FBC church body shall elect at least five additional qualified FBC members to serve as voting members of the Board."

9. At all times material hereto, Concord employed fifteen (15) or more employees.

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination in violation of the Title VII, as amended by the PDA. **[See Exhibit "1" attached hereto and incorporated herein by reference]**. Plaintiff requested and received a right-to-sue letter from the EEOC, dated December 8, 2017. **[See Exhibit "2" attached hereto and incorporated herein by reference]**.

### III. GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference each averment set forth in paragraphs 1-10 herein, inclusive.

12. In 2011, Concord hired Ms. Hutson to serve as a kindergarten teacher at CCS.

13. Ms. Hutson served as a kindergarten teacher for Concord from 2011 to 2016.

14. Ms. Hutson taught second grade during the 2016-2017 academic year.

15. During the 2016-2017 academic year, Ms. Hutson became pregnant with her second child.

16. At the time Ms. Hutson became pregnant, she was not married to her child's father.

17. As time passed, it became physically obvious Ms. Hutson was pregnant.

18. On or about May 2, 2017, CCS's principal, Leigh Ledet ("Ledet") conducted a meeting with Ms. Hutson. During the meeting (which was attended by Haley Cottrell, administrative assistant to CCS's headmaster[1]), Ledet asked Ms. Hutson if she, "had anything she needed to tell [Ledet]". It was obvious to Ms. Hutson that Ledet recognized Ms. Hutson was pregnant.

---

[1] At all material times hereto, Mark E. Kelly ("Kelly") was CCS's headmaster. Kelly is the registered agent for CCS and FBC.

3

19. Ms. Hutson responded to Ledet that she was "expecting" and that she and her partner were, "waiting until the end of the first trimester and the results of some genetic testing before breaking the news."

20. At the time of the May 2, 2017, meeting, Ms. Hutson was eleven (11)-weeks pregnant.

21. Ledet replied that Concord was not renewing Ms. Hutson's teaching contract for the 2017-2018 academic year due to her out-of-wedlock pregnancy.

22. Ms. Hutson questioned Ms. Ledet whether her termination had anything to do with her work performance. Ledet assured Ms. Hutson that work performance played no part in Concord's decision to terminate Ms. Hutson's employment; it was solely due to her pregnancy.

23. Ledet advised Ms. Hutson she could, "return to the school once things settled down", i.e., once Ms. Hutson married her partner and gave birth to her child. In the meantime, advised Ledet, Ms. Hutson could, "straighten racks at SteinMart".

24. Ledet cautioned Ms. Hutson not to tell "her class or coworkers" about the reasons for her termination.

25. Upon information and belief, men employed by or who were regularly allowed to volunteer as "Sunday School" teachers for Concord (including the father of Ms. Hutson's child) have not been terminated or otherwise relieved of their positions within the school/church due to engaging in known out-of-wedlock (and in some cases, extra-marital) sexual relations.

26. Upon information and belief, if Ms. Hutson was male and, accordingly, able to hide her out-of-wedlock sexual activity, Concord would not have terminated her employment. Concord undertook no measures to determine whether its male employees were violating the "morality code" by engaging in pre- or extra-marital sex. Had Ms. Hutson engaged in pre-marital sex and not become pregnant, Concord would have had no way to know she was engaging in sexual activity, and it would not have terminated her employment.

27. At the time of her termination, Ms. Hutson earned an annual salary of $35,133, plus benefits.

28. At no time during her employment with Concord was Ms. Hutson a "minister". FBC did not represent that Ms. Hutson was a "minister". Concord did not give Ms. Hutson the title, "minister". Ms. Hutson has never been issued a, "diploma of vocation" indicating she was a "minister". Ms. Hutson is not an ordained minister. Concord did not periodically review Ms. Hutson's, "skills in ministry" or "ministerial responsibilities".

29. Ms. Hutson holds a Bachelor of Science ("B.S.") degree in early childhood education and special education.

30. Ms. Hutson holds a Master of Science ("M.S.") degree in curriculum theory and practice.

31. Both Ms. Hutson's B.S. and M.S. degrees were earned at secular institutions.

32. Ms. Hutson took no religion or theology courses while earning either her B.S. or M.S. degrees.

33. Ms. Hutson was raised in the Catholic (not Baptist -- or any other protestant) faith.

34. Ms. Hutson was not a "called" teacher at Concord, nor was she otherwise recognized or appointed by FBC to serve as a teacher because of her religious acumen or calling.

35. Ms. Hutson did not have "tenure" at Concord.

36. Concord told Ms. Hutson she was selected for the job of kindergarten teacher at CCS because of her familiarity with the curriculum CCS already had in place.

37. During her employment with Concord, Ms. Hutson never lead chapel. Ms. Hutson also rarely lead daily morning class devotionals.

### IV. CLAIMS FOR RELIEF

Sex and Pregnancy Discrimination:
(Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*,
as amended by the Pregnancy Discrimination Act of 1978 ("PDA"),
and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401, *et seq.*)

38. Plaintiff re-alleges and incorporates by reference each averment set forth in paragraphs 1-37 herein, inclusive.

39. Plaintiff was a member of a protected class in that she was pregnant at the time of her termination by Defendants.

40. Plaintiff was qualified for her position as a second-grade teacher.

41. Plaintiff suffered an adverse employment action at the hands of Defendants when she was terminated for being pregnant.

42. As set forth more fully herein, there is a nexus between Plaintiff's pregnancy and her termination by Defendants.

43. The foregoing conduct constitutes pregnancy discrimination in violation of Title VII, as amended by the PDA and THRA.

44. As a direct and proximate result of Defendants' pregnancy discrimination in violation of Title VII, as amended by the PDA and THRA, Plaintiff has suffered injuries and damages and is entitled to the relief set forth more fully herein.

## V.  DAMAGES

45. Plaintiff re-alleges and incorporates by reference each averment of paragraphs 1-44 herein, inclusive.

46. As a direct and proximate result of each of the foregoing acts, conduct, and violations of the law as alleged herein, Plaintiff has suffered damages in an amount and according to proof, including, without limitation, loss of employment, lost wages, loss of benefits, lost interest on benefits, actual monetary loss, physical and mental pain and suffering, embarrassment, humiliation, inconvenience, and other incidental and consequential damages.

47. Plaintiff is entitled to, and seeks, recovery of her attorneys' fees and costs pursuant to the PDA, THRA, and/or Title VII.

48. As a direct and proximate result of the willful nature of Defendants' actions, Plaintiff is entitled to, and seeks, an award of punitive damages pursuant to the Title VII, as amended by the PDA and/or THRA.

Specifically, Defendants: (i) knew the law prohibited their conduct; or (ii) showed a "reckless disregard" for whether the law prohibited their conduct.

49. Plaintiff seeks an award of pre- and post-judgment interest as permitted by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Compensatory damages in an amount to be awarded by a jury, not less than **FIVE HUNDRED THOUSAND DOLLARS AND 00/100 ($500,000.00)**;

3. Punitive damages in an amount to be awarded by a jury, not less than **ONE MILLION FIVE HUNDRED THOUSAND DOLLARS AND 00/100 ($1,500,000.00)**;

4. Attorneys' fees and costs;

5. Incidental and/or consequential damages in an amount to be determined by a jury; and,

6. Any and all further relief this Honorable Court deems just and appropriate.

Respectfully submitted, this 9th day of February 2018.

**TABATHA HUTSON**

By: /s/ James W. Friauf
James W. Friauf (#027238)
Ariana E. L. Mansolino (#035237)
LAW OFFICE OF JAMES W. FRIAUF, PLLC
9724 Kingston Pike, Suite 104
Knoxville, Tennessee 37922
Tele: (865) 236-0347
Fax: (865) 512-9174
Email: james@friauflaw.com
Our File No.: 17-202-EPL

*Attorneys for Plaintiff, Tabatha Hutson*