IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

TABATHA HUTSON,

    Plaintiff,

v.                                                               Case. # 3:18-CV-48
                                                                 JURY DEMANDED

CONCORD CHRISTIAN SCHOOL, LLC
AND FIRST BAPTIST CONCORD
FOUNDATION, INC.

    Defendants.

## ANSWER OF DEFENDANTS

        Come now the defendants, Concord Christian School, LLC and First Baptist Concord Foundation Inc., and in response to the allegations of the complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e as amended by the Pregnancy Discrimination Act of 1978 and the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-401 et seq. would state as follows:

        1.        It is admitted that Ms. Hutson was a former employee of Concord Christian School, LLC. It is denied that the plaintiff was terminated from employment with Concord Christian School, LLC.

        2.        It is admitted that Concord Christian School, LLC is a nonprofit limited liability company doing business in Knoxville, Tennessee. It is admitted that Concord Christian School, LLC operates an educational institutional in accordance with the Baptist Christian Faith. It is denied that First Baptist Concord Foundation, Inc. is the sole member of Concord Christian School, LLC and further denied that Concord Christian School is a wholly owned subsidiary of First Baptist

Concord Foundation, Inc. It is admitted that Concord Christian School, LLC has waived service of process in this case.

3. It is admitted that the First Baptist Concord Foundation, Inc. is a nonprofit corporation. It is denied that the First Baptist Concord Foundation, Inc. is engaged in commerce as a religious organization and further denied that it is a holding company of Concord Christian School, LLC. It is admitted that First Baptist Concord Foundation, Inc. has executed a waiver of service of process.

4. The defendants reaffirm and incorporate by reference each statement set forth in Paragraphs 1 through 3 of this Answer.

5. It is admitted that the Court has proper jurisdiction over this matter. It is acknowledged that the plaintiff's allegations are stated under Title VII as amended by the Pregnancy Discrimination Act. It is denied that any allegations are actionable.

6. It is denied that the Court has supplemental jurisdiction over any claims under the Tennessee Human Rights Act or that any claims under the Tennessee Human Rights Act exist.

7. It is admitted that the relationship of the parties occurred in Knox County, Tennessee and that this Court is the proper venue.

8. It is denied that the plaintiff was jointly employed by First Baptist Concord Foundation, Inc. It is denied that Sections i, ii and iii are correct statements of fact and proof to the contrary is demanded.

9. It is admitted that Concord Christian School, LLC had more than 15 employees.

10. It is admitted that Exhibits 1 and 2 speak them for themselves, but the allegations contained in Exhibit 1 and 2 are denied.

11. The defendants reaffirm and incorporate by reference each response to allegations set forth in Paragraphs 1 through 10 as if stated herein.

12. It is admitted that the plaintiff was initially offered a contract as a kindergarten teacher at Concord Christian School in 2011.

13. It is admitted that Ms. Hutson was under contract as a kindergarten teacher each year from 2011 to 2016 with Concord Christian School.

14. It is admitted that plaintiff was under contract to teach second grade with Concord Christian School in 2016.

15. The defendants do not know when the plaintiff became pregnant.

16. The defendants are without information sufficient to admit or deny who the child's father is but would admit the plaintiff was not married.

17. The conclusory statements in Paragraph 17 are neither admitted nor denied.

18. It is admitted that the principal of Concord Christian School, LLC had a review meeting with plaintiff. It is admitted that Haley Cottrell also attended the meeting. It is denied that anyone was obviously aware that Ms. Hutson, the plaintiff, was pregnant at this meeting or at any other time.

19. It is admitted that the plaintiff acknowledged that she was pregnant. The remaining statements of Paragraph 19 are denied.

20. The defendants are without information sufficient to admit or deny the stage of pregnancy at which the plaintiff was at the time of the May 2, 2017 meeting.

21. The allegations of Paragraph 21, as stated, are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied. It is admitted that the plaintiff was advised not to discuss her pregnancy with students or parents.

25. The allegations contained in Paragraph 25 are denied.

26. The conclusory statements in Paragraph 26 are neither admitted nor denied. The remaining allegations in Paragraph 26 are denied.

27. It is denied that the plaintiff was terminated. It is admitted that the last contract and salary the plaintiff paid her a sum certain.

28. The allegations of Paragraph 28 are denied.

29. Upon information and belief the allegations of Paragraph 29 are admitted.

30. Upon information and belief the allegations on Paragraph 30 are admitted.

31. The defendants are without information sufficient to admit or deny the credentials of the institutions where the plaintiff was educated.

32. The defendants are without information sufficient to admit or deny the allegations of Paragraph 32.

33. The defendants are without information sufficient to admit or deny the allegations regarding how the plaintiff was raised.

34. It is admitted that the plaintiff was not recognized or appointed by the First Baptist Concord Foundation, Inc. for any role, and further denied that First Baptist Concord Foundation, Inc. had any impact or relationship with the plaintiff's contract work at Concord Christian School. The remaining allegations of Paragraph 34 are denied.

35. It is admitted that Ms. Hutson was a contract teacher at Concord, said contract being renewed year to year.

36. It is admitted in part that Concord Christian School, LLC made the decision to offer plaintiff contract terms as a teacher, and a kindergarten teacher in particular, because of her familiarity with the specific curriculum and her affirmation of her faith.

37. The allegations of Paragraph 37 as drafted are denied.

38. The defendants reaffirm and incorporate by reference each response to each allegation set forth in Paragraphs 1 through 37 herein as if stated herein.

39. It is admitted that the plaintiff was pregnant at the time that her contract was not renewed. It is denied that the plaintiff was terminated during her contract period.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied in that the plaintiff was not terminated.

43. The allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are denied. It is affirmatively averred plaintiff has sustained no damage as a result of her contract not being renewed.

45. The defendants reaffirm and incorporate by reference each response to the averments contained in Paragraph 1 through 45 as if adopted herein.

46. The allegations of Paragraph 46 are denied.

47. The allegations of Paragraph 47 are denied.

48. It is denied that the plaintiff is entitled to any punitive damages.

49. It is denied that the plaintiff is entitled to any pre or post-judgment interest as she is not entitled to any relief.

50. Any and all allegations not heretofore admitted, explained or denied are expressly denied.

51. It is affirmatively averred that the plaintiff fails to state a claim upon which relief can be granted against First Baptist Concord Foundation, Inc.

52. It is affirmatively averred that the plaintiff fails to state a claim upon which relief can be granted relative to Concord Christian School, LLC.

53. It is affirmatively averred that the plaintiff's claim is barred by any and all applicable statutes of limitations.

54. It is affirmatively averred that the plaintiff's claim is barred by the ministerial exception for religious institutions as outlined by the United States Supreme Court.

55. It is affirmatively averred that the plaintiff's claim for punitive damages is prohibited by the United States and Tennessee Constitutions.

WHEREFORE, these defendants pray that this Honorable Court dismiss this complaint with costs taxed to the plaintiff. Defendants further demand a jury to try the issues joined in this case.

Respectfully submitted this 9th day of April, 2018.

/s/ Clint J. Woodfin
CLINT J. WOODFIN (BPR # 016346)
*Attorney for Defendants*
Spicer Rudstrom, PLLC
800 S. Gay St., Ste. 1400
Knoxville, TN  37929
Telephone:    (865) 673-8516

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2018, the Clerk of Court was requested to file a copy of the foregoing Answer. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Clint J. Woodfin
CLINT J. WOODFIN