## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

TABATHA HUTSON,

      Plaintiffs,

v.                                   No: 3:18-CV-48

CONCORD CHRISTIAN SCHOOL, LLC and,
FIRST BAPTIST CONCORD FOUNDATION, INC.

      Defendants

---

## AGREED PROTECTIVE ORDER

---

It appearing to the Court that the Plaintiff and Defendants are in agreement that Defendant Concord Christian School, LLC [hereinafter "CCS" or "the Defendant"] possesses proprietary policies and procedures, as well as personnel files of present and former employees, which include confidential information that may be subject to discovery in the proceedings in this matter, but which should not be made available to the public generally, the Court hereby orders that:

    1.    All documents produced, or information disclosed and any other documents or records designated as "confidential" by Defendant shall be revealed only to the plaintiff, counsel of record in this case, paralegals, and administrative employees under counsel's direct supervision, and such persons who are employed by counsel to act as experts in this action. The information considered as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without limitation, all of Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, or any other information or

documentation supplied by the Defendant in response to plaintiff's Interrogatories or Requests for Production.

2. Counsel for plaintiff shall use all documents and information produced or disclosed by Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than plaintiff's counsel of record in this action, paralegals, or administrative employees under counsel's direct supervision, and such persons employed to act as experts in this action. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be kept confidential and then destroyed by counsel for the plaintiff after sufficient time to maintain client files.

3. Prior to disclosure of any documents designated as "confidential" to paralegals or administrative employees of counsel or the plaintiff, counsel for the plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for the plaintiff determines that for purposes of this action, documents or information produced by Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel for the plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) Counsel for the plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of the

2

plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5.     Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, shall be filed in a sealed envelope appropriately marked as confidential and subject to protective order. The Clerks are directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

6.     This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

ENTERED this _9th_ day of _July_, 2018.

_Thomas H. Phillips_
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted this the 29th day of June, 2018

3

S/James Friauf
James Friauf (#027238)
Attorney for Plaintiff
LAW OFFICE OF JAMES W. FRIAUF
9724 Kingston Pike, Suite 104
Knoxville, TN 37922
(865)236-0347


    s/Clint Woodfin
Clint Woodfin (#016346)
Attorney for Defendants
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
cjw@spicerfirm.com
(865) 673-8516

4