IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

TABATHA HUTSON,

    Plaintiff,

v.                                                           Case. # 3:18-CV-48
                                                           JURY DEMANDED

CONCORD CHRISTIAN SCHOOL, LLC
AND FIRST BAPTIST CONCORD
FOUNDATION, INC.

    Defendants.

---

### DEFENDANTS' REPLY BRIEF

---

Come now Concord Christian School LLC, and First Baptist Concord Foundation, Inc. and pursuant to the Local Rule 7.1(c), would provide this Honorable Court the following brief in reply to Plaintiff's response to the Motion for Summary Judgment:

I.    **DEFENDANT HAS PROVEN THE MINISTERIAL EXCEPTION AS AN AFFIRMATIVE DEFENSE.**

The factors listed by the United States Supreme Court in analyzing this most important Affirmative Defense are designed to protect religious institutions, like the Concord Christian School, from interference with the Free Exercise of its religious beliefs under the First Amendment. Plaintiff does not dispute that Concord Christian School, LLC is a religious institution. Instead, she attempts to state her disagreement with the definitions of what it means to be a teacher at Concord Christion School. Even assessing the factors that the Sixth Circuit has *distilled* (see plaintiff's response at page 13), Concord Christian prevails on the application of the ministerial exception.

### A. The employee (plaintiff) was an elementary teacher of the faith at Concord Christian School.

The very word "teacher", when used in the context of a religious institution like Concord Christian School is proof enough of the ministerial nature of the position. When this is coupled with definition of what is expected of a teacher as shown in the original memorandum of law, no other rational interpretation can be drawn. Proof of this is further shown in the plaintiff's own citation of this Court's opinion in the *Morgan v. Cent. Baptist Church of Oak Ridge*, @61-62 quoting, "As a general rule, an employee is considered a minister if 'the employee's primary duties consist of **teaching**…'" (emphasis added).

### B. The title of "teacher" in Concord Christian School sets plaintiff apart from laity.

While plaintiff takes much time to show the Court how her lack of qualifications make her a layperson, she cannot escape the fact that she agreed with all the teachings and requirements of Concord Christian School as mandated in the handbook, and was Certified as an elementary school teacher under the Association of Christian Schools International (Ledet declaration, paragraph 28). This Certification was required, distinguishing the plaintiff from a layperson. Concord Christian School required this, and plaintiff complied. Her argument that she was not "called" is directly contrary to her agreement with the handbook that was part and parcel of her last contract.

### C. Plaintiff, as a ministerial teacher, was the very ambassador of faith for the children of Concord Christian School.

As pointed out in the handbook and the lesson plans, every day at Concord Christian School involves students being educated in the faith of First Baptist Church, Concord. These teachings, which are the basis for the existence of Concord Christian School as a religious institution are provided to elementary age children by the teachers – teachers who are chosen by Concord Christian because they believe in the faith, and agree to live by it. Plaintiff agreed to this when she accepted her yearly contractual offers. She was the everyday influence on the formation and understanding of the religious beliefs and teachings of the Church and School.

### D. Plaintiff preformed important religious functions for Concord Christian.

The contract and handbook spell out the duties of the elementary school teachers at Concord Christian. Every lesson plan includes biblical integration. When ministering to elementary students through biblical integration, the lessons are often simplistic, but that does not minimize their importance. The very reason parents and guardians choose to send their children to Concord Christian School is to allow the children to be educated in a spiritually based environment. Plaintiff knew that, accepted her role as one that necessitated the performance of these important religious functions.

### II. PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT.

Plaintiff chose not to file a timely motion for summary judgment. As shown above, the ministerial exception bars the plaintiff's claim, and the issues set forth by the plaintiff regarding the reasons her contract was not renewed are moot. Rule 56(f) rulings such as the one advocated by

the plaintiff require that the Court give "notice and a reasonable time to respond" before summary judgment can be awarded to a non-movant or Ordered by the Court sua sponte. *See* Fed. R. Civ. P 56(f) (2019). Defendant disputes that plaintiff's pregnancy was the *motivating* factor in the decision to not offer her a contract after plaintiff's current contract expired. The only proof submitted on this moot issue was that the plaintiff's supervisor testified that it was *a* factor. Proof exists that the decision to not renew the contract was made prior to Ms. Ledet's learning of plaintiff's violation of her contract. This point, again, is moot given the application of the ministerial exception to the facts of this case.

III. **CONCLUSION**

"Teacher", in the context of a religious institution, is perhaps the most important ministerial role that one can hold. Instead of embracing the obvious meaning of this word in the ecumenical context, plaintiff attempts to minimize the role of teacher, as well as her own influence on the lives of the children she taught. Elementary teachers at Concord Christian School are the most important ministers of the faith at the school, a ministry of First Baptist Church Concord. They are selected after affirming their faith and agreeing to the definitions and duties of what a teacher must do and believe in order to be employed as a teacher. Teachers further agree to abide by the rules which accompany the privilege of being a minister of the faith.

Plaintiff's continued claim that she was "terminated' operates as a complete mischaracterization of the facts. Plaintiff completed her contract assignment, was paid all she was owed, but was not offered another contract. There was never a guarantee of continued employment. Concord Christian School, LLC, as a private institution, is under no obligation to renew contracts of any of its employees. Plaintiff knew the requirements of her contract, and the restrictions on her activities that append to the privilege of teaching at Concord Christian School.

She was allowed to complete her contract year, even after she acknowledged her breach. Again, this circuitous path leads away from the true analysis – Concord Christian has proven that the ministerial exception applies as an affirmative defense to plaintiff's claims.

Perhaps most disappointing of plaintiff's assertions in this lawsuit is how she uses the allegations to minimize her role as a religious educator. One of the many religious requirements of her position is that she "feel personally called into Christian Education by God" (Ledet declaration, paragraph 11), yet she now claims that she does not meet this criteria. Her attempts to claim "selective" enforcement of the morality code, and that she was "raised Catholic", while all contradicted by her own evidence, continue to miss the point - Plaintiff served as a very important ministerial employee of Concord Christian School, LLC. As a ministerial employee, she is prevented from claiming that Title VII applies to her prior employment relationship.

WHEREFORE, the defendants pray that this Honorable Court grant them Summary Judgment in accordance with Rule 56 of the Tennessee Rules of Civil Procedure.

RESPECTFULLY SUBMITTED:

/s/ Clint J. Woodfin
CLINT J. WOODFIN - 016346
Attorney for Defendants
Spicer Rudstrom, PLLC
First Tennessee Plaza, Suite 1400
800 South Gay Street
Knoxville, TN  37929
(865) 673-8516 - Office
(865) 673-8972 – Fax

## CERTIFICATE OF SERVICE

      I hereby certify that on April 22, 2019, the Clerk of Court was requested to file a copy of the foregoing Reply Brief. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      /s/ Clint J. Woodfin
      CLINT J. WOODFIN